IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN L. SANFORD,                              *
        Petitioner,
    v.                                        * CIVIL ACTION NO. JFM-09-517

J.D. WHITEHEAD                                *
        Respondent
                            ***

## **MEMORANDUM**

### I. Background

This petition for habeas corpus relief was filed on March 3, 2009, and challenges the finding by Federal Correctional Institution ("FCI")-Cumberland, Maryland staff that petitioner is not eligible for certain benefits of the Residential Drug Abuse Program ("RDAP") established by the U.S. Bureau of Prisons ("BOP"), to wit: early release from a sentence reduction. Petitioner opines that as inmates from other institutions are granted a sentence reduction for participating in the RDAP based upon the professional discretion of staff, he should be eligible for the same benefits.[1] He takes issue with this alleged "discriminatory" practice.[2]

### II. Pending Motions

Respondent has filed a cross motion to dismiss or, in the alternative, for summary judgment which remains unopposed as of the within signature date.[3] Paper No. 3. Oral hearing is deemed

---

[1] Petitioner claims that the BOP violated equal protection when it applied the regulation to him, but not to inmates housed in other BOP facilities

[2] Petitioner argues that inmates at other institutions are granted a sentence reduction for RDAP participation even though they were convicted of exclusionary crimes and thus were not eligible for a reduction.

[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (1975), on May 19, 2009, the Clerk informed petitioner that respondent had filed a dispositive motion, that petitioner had 17 days in which to file written opposition to the motion, and that if petitioner failed to respond, judgment could be entered against him without further notice. See Paper No. 4. Petitioner has chosen not to respond.

unnecessary.  *See* Local Rule 105.6. (D. Md. 2008).   For reasons to follow, respondent's motion, treated as a motion for summary judgment, shall be granted

## III. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *Celotex*, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.   In *Anderson v. Liberty Lobby, Inc*., the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986).   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

With these standards in mind, the court will review petitioner's claims based upon the unopposed record.

**IV.   Analysis**

The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621(b) to require the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such a RDAP, including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody
> after successfully completing a [drug] treatment program may be reduced
> by the Bureau of Prisons, but such reduction may not be more than one year
> from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3). Subsection 3621(e)(2)(B) was codified under 28 C.F.R. § 550.58. Section 550.58 specifies three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense; must have a substance abuse problem; and must successfully complete a residential drug abuse treatment program while incarcerated.

Revisions to § 550.58 omit any reference to § 924(c)(3). The regulation does not attempt to define a non-violent offense within the meaning of § 3621(e)(2)(B); instead, the regulation was revised to categorically exclude certain inmates from early release. Section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> > (i) INS detainees;
> > (ii) Pretrial inmates;
> > (iii) Contractual boarders (for example, D.C., State, or military inmates);
> > (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
> > (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
> > (vi) Inmates whose current offense is a felony:
> > > (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
> > > (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

>   (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>   (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

While 18 U.S.C. § 3621 provides for a reduction of custodial time for non-violent offenders, the language of § 3621(e)(2) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000). Section 3621 vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining early release eligibility. *See* 28 C.F.R. § 550.58 (2008). As already indicated, this regulation provides in part that inmates who have a prior felony offense for robbery are ineligible for early release consideration.

The BOP also adopted a program statement to supplement 28 C.F.R. § 550.58. Program Statement ("P.S.") 5162.04, entitled Categorization of Offenses, was promulgated to further assist BOP agents and employees in interpreting the revised regulation. Section 7 of PS 5162.04 states that as an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits. The BOP explains this eligibility criteria in P.S. 5162.04, providing that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S 5162.04 § 2.

In *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the United States Court of Appeals for the Ninth Circuit deemed § 550.58 to be violative of the Administrative Procedure Act ("APA").4

---

4   The Ninth Circuit concluded that the BOP's reasons for implementing § 550.58 violated the APA

5

No court outside the Ninth Circuit has followed *Arrington*, which has been rejected by this court. *See Minotti v. Whitehead*, 584 F.Supp.2d 750 (D. Md. 2008).

In response to *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the BOP adjusted their practices and enacted procedures to be followed when determining an inmates' eligibility to receive early release consideration upon the successful completion of the RDAP. These new *Arrington* procedures were only applied to inmates who were either housed in an institution within the Ninth Circuit or completed the unit-based portion of the RDAP at an institution in the Ninth Circuit. In 2009, the BOP further revised its RDAP regulations in light of *Arrington*. On January 14, 2009, pursuant to the APA, the BOP published its proposed new rule through the notice and comment procedures. On March 16, 2009, this new version was adopted by the BOP. This new version, codified at 28 C.F.R. § 550.55, is essentially identical to the former version codified at 28 C.F.R. § 550.58, but provides a detailed rationale for why offenders were not entitled to early release consideration.

Petitioner challenges the denial of his eligibility for benefits from the BOP RDAP program. Respondent presents the following uncontroverted information in support of his motion for Summary Judgment.

On December 17, 2007, petitioner was convicted of two counts of "Uttering and Passing Counterfeit Securities of an Organization" in violation of 18 U.S.C. § 513(a). Paper No. 3, Ex. 1. He was sentenced to a 36-month term of incarceration. *Id*. Petitioner entered BOP custody in September, 2007. He has a projected release date of February 3, 2010. *Id*.

---

because the agency did not reasonably explain the basis for the manner in which it exercised its discretion. *Arrington v. Daniels*, 516 F.3d at 1114-16.

In March, 2008, petitioner indicated his desire to participate in the RDAP Program. He was advised that he could participate in the program but due to his past offense of attempted robbery, he was ineligible to receive any sentence reduction upon the successful completion of the program. *Id*. Petitioner signed a document acknowledging that he was on notice that even with his participation in the RDAP he was ineligible for early release. *Id*. Attachment C.

On June 2, 2008, petitioner began the RDAP. He graduated from the program on March 13, 2009. *Id*.

Respondent argues that the petition is subject to dismissal because petitioner has been properly found to be ineligible for early release.[5] The court concurs. Plainly, 28 C.F.R. § 550.58 and PS 5162.04 are valid exercises of the BOP's discretion under 18 U.S.C. § 3621 and petitioner's attempted robbery conviction renders him ineligible for the RDAP early release benefit.

The court also finds petitioner's equal protection claim to be without merit. He seemingly contends that while he was found ineligible for early release consideration, other similarly–situated inmates at other institutions were found to be eligible. To the extent petitioner is referencing the *Arrington* decision and arguing that similarly situated inmates in the Ninth Circuit are eligible for early release, his claim fails.

Under Supreme Court and Fourth Circuit law equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, petitioner "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or

---

[5] Respondent also claims that the petition is subject to dismissal because 18 U.S.C. § 3625 precludes judicial review of the BOP determination regarding early release eligibility. Having found petitioner

7

purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

Petitioner's equal protection claim fails because he has not shown that he was treated differently than other similarly-situated inmates and that unequal treatment was the result of intentional or purposeful discrimination. Petitioner was treated the same as all other inmates under the applicable BOP regulations and PS. He has not pointed to any particular inmate with a conviction for attempted robbery who was deemed eligible for early release consideration upon completion of the RDAP.[6]

## V. Conclusion

For the aforementioned reasons, respondent's motion to dismiss or, in the alternative, Motion for summary judgment, construed as a motion for summary judgment, shall be granted. A separate Order follows.

Date: August 31, 2009               /s/
                                    J. Frederick Motz
                                    United States District Judge

---

ineligible, the undersigned declines to address respondent's additional argument.

[6] In *Minotti*, the claimants also alleged that their equal protection rights had been violated due to the fact that similarly-situated federal prisoners who are incarcerated in the Ninth Circuit are eligible for early release while they are not. This court found that the plaintiffs' claim was without merit as they had not "demonstrated a fundamental right or membership in a suspect class that would merit heightened scrutiny or demonstrated why the BOP's difference in treatment would not survive rational basis review." *Minotti*, 584 F.Supp.2d at 760.